Van Brunt, P. J., and O'Brien, J., concurred.

So ordered.

---

ELIZA M. SLOAN, Respondent, v. THE NEW YORK ELEVATED RAILROAD COMPANY and Another, Appellants.

*Elevated railroads of New York city — damages may be recovered although the rental value has not decreased — smoke — the proximity of a station as a benefit.*

In an action brought to restrain the operation and maintenance of an elevated railway in New York city, the court found that the rental value of the plaintiff's land, in front of which it ran, had not been diminished, but that the easements had a value of $3,500, which it allowed as damages.

*Held,* that the decision was proper.

That the fact that the rental value had not been decreased was not conclusive upon the question of damages.

That a proper fact to consider was the permanency of the elevated structure, and the possibility that the owner might put her premises to other uses with which the operation of the railroad might conflict.

That it was proper to take into consideration incidental annoyances like smoke, dust and cinders, etc.

That it could not be assumed that the proximity of a station was an advantage to property for which the railroads should be allowed, since it might, if it choose, alter the location of a station at any time.

Appeal by the defendants, the New York Elevated Railroad Company and the Manhattan Railway Company, from a judgment of the Supreme Court, entered, after a trial by the court at the New York Special Term, in the office of the clerk of the city and county of New York on the 13th day of July, 1891, in favor of the plaintiff, restraining the defendants from operating a railroad in front of the plaintiff's premises, No. 212 Ninth avenue, in the city of New York, unless they acquired the plaintiff's easements within thirty days by paying her therefor $3,500.

*A. O. Townsend,* for the appellants.

*C. A. B. Pratt, Jr.,* for the respondent.

Van Brunt, P. J. :

This action was brought for an injunction restraining the defendants from maintaining and operating their elevated railroad in Ninth avenue in front of the plaintiff's premises. The court held that there had been no diminution, in the rental value of the premises in suit, shown to have been caused by the acts of the defendant up to the time of the trial, and, consequently, that the plaintiff had sustained no damage to the rental value of the premises; but that the easements taken by the structure of the defendants were of the value of $3,500, upon the payment of which amount the defendants might acquire the easements in question.

The principal ground upon which this appeal is based arises from the fact that the court found that the plaintiff had not sustained any rental damage up to the time of the trial, and that, therefore, there was no basis for the finding as to the value of the easement. There is no question that the court will not grant an injunction merely for the purpose of protecting a technical or unsubstantial right; and, therefore, unless it was shown that the easements taken by the defendants were of some value as connected with the plaintiff's property, the complaint should have been dismissed. But we think that the fact that there had been no diminution in the rental value for the past, was by no means conclusive proof that the premises in question were as valuable with the easements severed therefrom as they would be with the easements attached.

It is true that it is claimed that the improvements upon the property are of a permanent character and not likely to be changed. But it is also equally true that the question as to the impairment of value is to be considered in view of the fact of the permanency of the structure of the defendants and of any purposes to which the premises in question might be applied. The market-value of premises is determined by the uses to which they may possibly be put, not necessarily by the uses to which they are put; because changes may occur from which it might be more profitable to apply the premises to other uses; and these considerations always have an effect upon value.

It is alleged that the court erred in taking into consideration the incidental annoyances from the running of trains in the future. But these all related to the effect upon the light, air and access to the plaintiff's premises, smoke, dust, cinders and the like. They were elements which the court was justified in taking into consideration, and have been recognized as proper in numerous cases which have been heretofore decided. It is claimed, however, that, if no error was committed in considering the incidental facts and estimating the future damages to be paid for the land not taken, then it was error not to consider all such facts, including those which were beneficial to the property. And our attention, in this connection, is called to the refusal to find certain requests to the effect that the proximity of the defendant's station to the premises in suit is advantageous to the business portion of said premises, etc.

Upon this question of the advantageous proximity to stations being a subject to be taken into consideration, it seems to me we are very liable to fall into an error. The station may be there to-day and it may be removed to-morrow, as has been done in respect to at least one of the stations of these elevated railroads, leaving the premises damaged by the structure without the advantageous proximity of the station. The railroad company is under no obligation to maintain the station in the position in which it is placed, and, as this is a question which is to settle the rights of these parties as to all the future, the proximity of a station which may be removed at any time does not seem to be a very permanent element of benefit.

There was evidence which supported the finding of the court in reference to the damage to these premises, and we see no reason for interfering with the conclusion arrived at by the court.

The judgment should be affirmed, with costs.

O'Brien and Lawrence, JJ., concurred.

Judgment affirmed, with costs.